## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER M. COOPER, ESQ., as Administrator of the Estate of Deaunte Bell-McGrew c/o Walton + Brown, LLP. 395 E. Broad St., Suite 200 Columbus, OH 43215** | **Case No.:** |
| | |
| | **Judge:** |
| **Plaintiff,** | |
| **vs.** | **Complaint** |
| | |
| **CITY OF COLUMBUS, OHIO; and DOES 1-100, UNKNOWN, City of Columbus 911 Operators and Other Employees c/o City Attorney 77 N. Front St. 4th Floor Columbus, Ohio 43215** | **JURY DEMAND ENDORSED** |
| | |
| **And** | |
| | |
| **MATTHEW BAASE, Officer Columbus Division of Police c/o Columbus Division of Police 120 Marconi Blvd. Columbus, Ohio 43215** | |
| | |
| **Individually and in His Official Capacity as Employee of the City of Columbus, Ohio** | |
| | |
| **And** | |
| | |
| **JOHN NAREWSKI, Officer Columbus Division of Police c/o Columbus Division of Police 120 Marconi Blvd. Columbus, Ohio 43215** | |

**Individually and in His Official Capacity**
**as Employee of the City of Columbus,**
**Ohio**

**And**

**ERIC J. PILYA, Sergeant**
**Columbus Division of Police**
**c/o Columbus Division of Police**
**120 Marconi Blvd.**
**Columbus, Ohio 43215**

**Individually and in His Official Capacity**
**as Employee of the City of Columbus,**
**Ohio**

**And**

**KIM JACOBS, Chief**
**Columbus Division of Police**
**c/o Columbus Division of Police**
**120 Marconi Blvd.**
**Columbus, Ohio 43215**

**Individually and in her official capacity**
**as Employee of the City of Columbus,**
**Ohio**

        **Defendants.**

## I.    <u>PRELIMINARY STATEMENT</u>

1. This civil rights and wrongful death case challenges the fatal shooting of Deaunte Bell-McGrew (hereinafter, "Decedent", "Plaintiff" or "Deaunte") by Columbus Division of Police Officers Matthew Baase and John Narewski on October 29, 2015.

2. Deaunte was shot and killed on October 29, 2015 after being approached by Officers Baase and Narewski while lawfully sitting in a parked vehicle in the Amberly Square Apartment Complex.

3. Deaunte was shot six times by Officers Baase and Narewski, and subsequently died as a result of the gunshot wounds suffered.

4. Officers Baase and Narewski confronted Deaunte under the pretextual excuse of a "consensual encounter."

5. Officers Baase and Narewski confronted Deaunte in a fashion that unnecessarily created a dangerous situation, failing to follow well-established constitutional policing practices including conducting an illegal seizure and using deadly force inappropriately, excessively and unreasonably, amongst numerous other violations of policy and law.

6. The Columbus Division of Police's chain of command endorsed the dangerous and unconstitutional policing tactics that are connected to this incident and that placed Deaunte and continue to place the public at unnecessary risk of death and/or injury from not only Officers Baase and Narewski, but from others in the department who have a similar proclivity to use force unreasonably and inappropriately.

7. During his time as an officer with the Columbus Division of Police leading up to Deaunte's death, Officer Baase had been the subject of at least 14 Internal Affairs Bureau investigations.

8. During his time as an officer with the Columbus Division of Police leading up to Deaunte's death, Officer Narewski had been the subject of at least 28 Internal Affairs Bureau investigations.

9. Despite these large numbers of internal investigations, Officers Baase and Narewski have rarely if ever been disciplined for their behaviors, often failing to have allegations against them sustained or receiving a reprieve from their chain of command.

10. The hiring and retention of Officers Baase and Narewski are examples of a troubling pattern by the Columbus Division of Police of hiring and retaining officers with a proclivity to use excessive force and a refusal to rein in their behavior and hold them accountable. The negligent hiring and retention of Officers Baase and Narewski and others is a pattern and practice directly related to the death of Deaunte Bell-McGrew.

11. The failure to properly train, supervise and discipline Officers Baase and Narewski is an authorization of their behavior and reflective of a pattern and practice of behavior within the Columbus Division of Police.

12. The City of Columbus and Columbus Division of Police failed to properly investigate the circumstances surrounding Deaunte's death, demonstrating a deliberate indifference to Deaunte's right to be free from constitutional violations such as those committed by Officers Baase and Narewski, and demonstrating a pattern and practice of failing to investigate and discipline officers for the excessive use of force against citizens.

13. Plaintiff brings this federal civil rights action to ensure constitutional policing practices are respected, to secure fair compensation in order to hold the City of Columbus and its liable employees accountable for their actions and to help end the civil rights violations carried out by Columbus Division of Police Officers against members of the community.

## II.   JURISDICTION AND VENUE

14. This action is brought pursuant to Ohio statutes, and United States Constitution Amendments IV and XIV, § 1983 and § 1988, respectively.

### III.   THE PARTIES

15. Plaintiff Christopher M. Cooper, Esq. is the Administrator of the Estate of Deaunte Bell-McGrew and was a resident of Franklin County, Ohio, at all times material to the subject incident.

16. Defendant City of Columbus, Ohio, is a political subdivision of the state of Ohio, organized and existing under the laws of the state of Ohio, and operating and conducting business in Franklin County, Ohio. Columbus Division of Police is a subdivision of Defendant City of Columbus, Ohio.

17. Upon information and belief, Defendant City of Columbus, Ohio Division of Police Officer Matthew Baase is being sued in his individual capacity; to wit, Officer Baase was a resident of Franklin County at the time of the incident. Officer Baase was at all times relevant to this action a law enforcement officer employed by the Columbus Division of Police. Officer Baase is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued individually and in his official capacity as an employee of the City of Columbus.

18. Upon information and belief, Defendant City of Columbus, Ohio Division of Police Officer John Narewski is being sued in his individual capacity; to wit, Officer Narewski was a resident of Franklin County at the time of the incident. Officer Narewski was at all times relevant to this action a law enforcement officer employed by the Columbus Division of Police. Officer Narewski is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued individually and in his official capacity as an employee of the City of Columbus.

19. Upon information and belief, Defendant City of Columbus, Ohio Division of Police Sergeant Eric Pilya is being sued in his individual capacity; to wit, Sergeant Pilya was a resident of Franklin County at the time of the incident. Officer Pilya was at all times relevant to this action a law enforcement officer employed by the Columbus Division of Police. Sergeant Pilya is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued individually and in his official capacity as an employee of the City of Columbus.

20. Upon information and belief, Defendant City of Columbus, Ohio Division of Police Chief Kim Jacobs is being sued in her individual capacity; to wit, Chief Jacobs was a resident of Franklin County at the time of the incident. Chief Jacobs is the current holder of the office of Chief of the Columbus Division of Police, and the Chief Law Enforcement Officer for Columbus, Ohio. Chief Jacobs is the final policymaker with respect to the policies of the Columbus Division of Police. Chief Jacobs is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. She is sued individually and in her official capacity as an employee of the City of Columbus.

21. All of the events or omissions giving rise to this action occurred in Franklin County, Ohio.

22. The actions of the Defendants, as well as their agents and employees, which were within the scope of their employment, were at all relevant times undertaken with malice and knowing disregard for the Plaintiff's rights.

23. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and attorney's fees.

## IV. FACTUAL ALLEGATIONS

*The Shooting*

24. On October 29, 2015, around 9pm, Deaunte Bell-McGrew was sitting in a legally parked vehicle in a parking lot in the Amberly Square Apartment Complex, just to the north of 2764 Brandy Drive, in the City of Columbus, County of Franklin, State of Ohio.

25. Deaunte was sitting in the vehicle speaking with a friend and her boyfriend. No one was committing any crime.

26. The vehicle was approached by two City of Columbus Police Officers; Officers Baase and Narewski, under the pretextual excuse of a "consensual encounter."

27. Officer Narewski approached the person sitting on the front-driver's side of the vehicle and inquired as to what the occupants of the vehicle were doing.

28. Suddenly, for no apparent reason, Officer Narewski opened the back-driver's side door, where Deaunte was sitting, and ordered Deaunte out of the vehicle.

29. Deaunte, as he had a constitutional right to do, repeatedly asked Officer Narewski what he did, why he was being ordered from the vehicle, and what law he had violated.

30. Instead of answering Deaunte, Officer Narewski replied "I know exactly who the fuck you are," and physically grabbed Deaunte in an attempt to pull him from the vehicle.

31. Again, Deaunte had no active warrants, was committing no crime, and was approached by Officer Narewski for no lawful reason.

32. Officer Narewski struggled to pull Deaunte from the vehicle, still ignoring Deaunte's request to understand why he was being removed from the vehicle.

33. At some point during the struggle, Officer Baase, who was positioned on the passenger side of the vehicle, yelled "gun!" Officer Baase then fired a shot into the vehicle.

34. Officer Narewski backed away from the vehicle while pulling his weapon. Officer Nareski fired his weapon at Deaunte, who was still sitting in the vehicle, hitting him at least five times.

35. Deaunte died as a result of his gunshot wounds.

36. Witnesses state that Deaunte went without medical attention for anywhere from 15 to 30 minutes.

*The Critical Incident Response Team Investigation*

37. The Critical Incident Response Team (CIRT) investigates all shootings involving Columbus Division of Police Officers and other cases at the direction of the commander of the Crimes Against Persons Bureau, and all facets of those investigations.

38. Sergeant Eric Pilya was appointed as the CIRT Team Leader in 2011 and has held the position since.

39. The CIRT consists of 12 homicide detectives that come from various shifts of homicide investigators, as well as the shift supervisors and the lieutenant over the homicide section.

40. The CIRT conducts the investigation into all police-involved shootings, forwarding the results of that investigation to the Franklin County Prosecutor's Office to be presented to a grand jury.

41. After the grand jury proceeds with a no-bill, the investigative packet is forwarded to the Columbus Division of Police Firearms Review Board to determine if the shooting shall be considering within policy.

42. The Columbus Division of Police Chief makes the final decision on whether a shooting is within policy or not.

43. The Columbus Division of Police has an Officer Support Team, made up of officers who have been involved in a "critical incident" in the past.

44. These officers respond to the scene of a police-involved shooting and provide support and advice to the officers involved.

45. Sergeant Pilya has stated that the Officer Support Team is trained to "steer them away from talking about the incident."

46. Sergeant Pilya, the CIRT Team Leader, provides an initial training for Officer Support Team members.

47. In that training, he instructs Officer Support Team members to tell the officer involved in a shooting to not make a statement.

48. In addition to training the Officer Support Team, Sergeant Pilya teaches a class on CIRT Team "best practices" at the academy that any officer can sign up to take.

49. In this class, he instructs officers on CIRT Team best practices.

50. In this class, he also informs officers that they do not have to give a statement to the CIRT Team following a police-involved shooting.

51. The CIRT Team does not attempt to question an officer involved in a shooting immediately, instead establishing a policy of giving an officer at least seven to fourteen days before attempting to question them.

52. After a police officer is involved in a shooting, the CIRT Team allows the officer to walk back through the scene.

53. During the walk through, the CIRT Team has a standing agreement with the Fraternal Order of Police (FOP) that the CIRT Team will be allowed to ask three pre-determined questions of the officers with their FOP attorney present.

54. In the CIRT Team's investigative packet, they include information about a victim's criminal history, gang affiliation and known associates, amongst other information.

55. No background information related to prior uses of force is provided in the CIRT investigative packet regarding the officers involved in a shooting.

56. In the CIRT Team's investigative packet, they include information about a victim's drug and alcohol use.

57. No drug or alcohol tests are performed or requested by the Columbus Division of Police on an officer involved in a shooting.

58. Immediately following the death of Deaunte Bell-McGrew, Sergeant Pilya assigned Detective William Gillette to lead the CIRT investigation.

59. Detective Gillette either willfully or with deliberate indifference, influenced and/or mischaracterized several witness statements while overlooking or failing to search for other witnesses.

*Policy and Practice Allegations*

60. Plaintiff is informed and believes, and on the basis of such information and belief alleges that the governmental entity defendants and their decision makers, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of the Decedent, maintained, enforced,

tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things:

(a) Training and authorizing Columbus Division of Police Officers to act recklessly and aggressively with regard to the use of force on citizens;

(b) Hiring, retaining and assigning officers with demonstrably unreasonable decision-making patterns and patterns of misconduct;

(c) Subjecting citizens to the unreasonable use of force and unreasonable seizure;

(d) Allowing officers to violate the constitutional rights of citizens and take other unlawful action against citizens;

(e) Failing to adequately train officers regarding the use of force and the use of lethal force;

(f) Failing to adequately train officers on plainclothes tactics and negligently assigning officers to plainclothes duty;

(g) Failing to adequately supervise officers, permitting unlawful conduct to occur;

(h) Failing to adequately discipline officers regarding their unlawful conduct;

(i) Failing to perform drug and alcohol tests on officers after their involvement in police shootings;

(j) Failing to adequately investigate police-involved shootings, both ratifying and authorizing future behavior;

(k) Condoning and encouraging officers in the belief that they can violate the constitutional rights of individuals, such as Deaunte Bell-McGrew,

and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

61. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the entity defendants and their decision makers ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting Columbus Division of Police Officers to engage in the unlawful and unconstitutional actions, policies, practices and customs or usages set forth in the foregoing paragraph. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to safety, security, and rights of plaintiff and the Decedent.

(a) Defendant City of Columbus and Columbus Division of Police have a policy, practice and custom of allowing officers to violate the constitutional rights of citizens, and failing to adequately train, supervise and discipline officers who participate in such unlawful conduct;

(b) Sergeant Eric Pilya, as Team Leader for the Critical Incident Response Team, had both actual and constructive knowledge of the actions of both Officers Baase and Narewski, as well as actual and constructive knowledge of the actions of the actions of the detectives responsible for investigating police-involved shootings, and he along with chain of command authorized and encouraged the pattern and practice of failing to adequately investigate officer-involved shootings.

(c) Chief Kim Jacobs, as chief law enforcement officer for the City of Columbus, Ohio, serves as the ultimate policymaker for the Columbus Division of Police, and had both actual and constructive knowledge of the actions of both Officers Baase and Narewski, as well as actual and constructive knowledge of the actions of the chain of command in failing to train, supervise and discipline Officers Baase, Narewski and others like them.

*Damages*

62.    The family members of Deaunte Bell-McGrew have lost Decedent's love, comfort, society, and consortium, and have sustained emotional distress, all in amounts in accordance with proof. The estate has incurred medical, burial and other related expenses. The Decedent sustained general damages, including pre-death pain and suffering and post-death loss of enjoyment of his life, in an amount in accordance with proof.

63.    The conduct of the individual defendants was willful, malicious, oppressive and in reckless disregard for the constitutional rights of plaintiffs and the Decedent himself, thus justifying punitive damages against the defendants in an amount in accordance with proof.

## V. CLAIMS FOR RELIEF

### COUNT ONE

### 42 U.S.C. § 1983 AND ORC § 2125.01 - WRONGFUL DEATH AND SURVIVAL ACTION

64.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if full set forth herein.

65.     This is an action brought against defendants in their individual and official capacities, pursuant to Ohio Revised Code § 2125.01 and the United States Constitution Amendments IV and XIV, in violation of 42 U.S.C. § 1983 and § 1988.

66.     At all times material hereto, Defendants were employees and/or agents of Defendant City of Columbus, and acting within the course and scope of their employment with same, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant City of Columbus.

67.     Defendants Officer Matthew Baase, Officer John Narewski, Sergeant Eric Pilya, and Chief Kim Jacobs have, under color of law, deprived Deaunte Bell-McGrew of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, by, among other things, subjecting Decedent to a seizure without a warrant or any other legal justification or fabricating a legal justification for doing so and Officers Baase and Narewski failing to identify themselves as police officers, subjecting Decedent to excessive force and acting with deliberate indifference to his right to life and liberty.

68.     The foregoing wrongful acts of defendants killed Decedent.

69.     The actions of defendants acting in concert and under color of law, were undertaken intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable cause of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's civil rights.

70.     As a proximate result Plaintiff's family members lost companionship, society, comfort and consortium with the Decedent, and are entitled to damages for the pain, suffering and disfigurement of the Decedent.

71.     Plaintiff has ongoing and continuous mental and physical damages, and as such is entitled to recovery, including but not limited to the following:

> (a)     Compensation for physical and emotional harm;
>
> (b)     Loss of earnings and net accumulations;
>
> (c)     Past medical bills and expenses;
>
> (d)     Conscious pain and suffering;
>
> (e)     Punitive damages;
>
> (f)     Award reasonable attorneys' fees and costs to Plaintiff on Federal 1983 Counts;
>
> (g)     Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## COUNT TWO

### EXCESSIVE FORCE AND UNREASONABLE SEIZURE IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

72.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if full set forth herein.

73.    This is an action brought against defendants in their individual and official capacities, pursuant to the United States Constitution Amendments IV and XIV, in violation of 42 U.S.C. § 1983 and § 1988.

74.    At all times material hereto, Defendants were employees and/or agents of Defendant City of Columbus, and acting within the course and scope of their employment with same, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant City of Columbus.

75.    Defendants subjected Decedent to unreasonable seizure and excessive force, depriving him of bodily integrity, liberty, and due process of law.

76.    The actions of defendants, acting in concert and under color of law, were undertaken intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable cause of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's civil rights.

77.    As a direct and proximate result of defendants' acts, omissions, and clearly unreasonable seizure and use of excessive force, Defendant deprived Plaintiff of the rights to be free from unreasonable seizure, the right to be free from excessive force and the right to due process of law guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

78.    Plaintiff has ongoing and continuous mental and physical damages, and as such is entitled to recovery, including but not limited to the following:

(a)    Compensation for physical and emotional harm;

(b)    Loss of earnings and net accumulations;

(c)     Past medical bills and expenses;

(d)     Conscious pain and suffering;

(e)     Punitive damages;

(f)     Award reasonable attorneys' fees and costs to Plaintiff on Federal 1983 Counts;

(g)     Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## COUNT THREE

### RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1983 THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

79.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if full set forth herein.

80.     This is an action brought against defendants in their individual and official capacities, pursuant to the United States Constitution Amendments IV and XIV, based upon racial discrimination in law enforcement and failure to provide equal protection under the law in violation of 42 U.S.C. § 1983 and § 1988.

81.     At all times material hereto, defendants were employees and/or agents of Defendant City of Columbus, acting within the course and scope of their employment with same, and in furtherance of the interest of Defendant City of Columbus, and with Defendant City of Columbus' consent.

82.     Plaintiff, as an African-American is a member of a protected class, and thus also had the clearly established statutory right to be free from racially motivated arrests, detentions, searches and seizures.

83.     Any reasonable officer knew or should have known that these rights at the time of the complained conduct as they were clearly established at that time.

84.     Plaintiff's race was a motivating factor in the decision to detain him and use excessive force. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

85.     Defendant engaged in the conduct described in the complaint willfully, maliciously, in bad faith, and in reckless disregard for Plaintiff's federally protected rights.

86.     The acts or omissions of the Defendant were moving forces behind Plaintiff's injuries.

87.     Plaintiff has permanent and ongoing damages as a result of said incident and as such is entitled to recovery, including but not limited to the following:

(a)     Compensation for physical and emotional harm;

(b)     Loss of earnings and net accumulations;

(c)     Past medical bills and expenses;

(d)     Conscious pain and suffering;

(e)     Punitive damages;

(f)     Award reasonable attorneys' fees and costs to Plaintiff on Federal 1983 Counts;

(g)     Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY- FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## COUNT FOUR

**DEPRIVATION OF RIGHTS UNDER THE FOURTEENTH AMENDMENT AND 42 USC § 1983**

88.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if full set forth herein.

89.     Members of the Columbus Police Department have an affirmative duty to seek medical attention for persons who are injured in the course of being apprehended by the police.

90.     Defendant Officers discharged their weapons at Plaintiff and were aware that Plaintiff was experiencing extreme physical pain as a result of their use of excessive and unnecessary force, but took no action to provide or request medical care for Plaintiff, disregarding the obvious risk to Plaintiff's health.

91.     The actions of defendants in failing to request or obtain medical attention for Plaintiff, acting in concert and under color of law, were undertaken intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable cause of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's civil rights.

92.     As a direct and proximate result of defendants' acts, omissions, and clearly unreasonable seizure and use of excessive force, Defendant deprived Plaintiff of the rights to be free from unreasonable seizure, the right to be free from excessive force and the right to due process of law guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

93.     Plaintiff has ongoing and continuous mental and physical damages, and as such is entitled to recovery, including but not limited to the following:

(a)     Compensation for physical and emotional harm;

(b)     Loss of earnings and net accumulations;

(c)     Past medical bills and expenses;

(d)     Conscious pain and suffering;

(e)     Punitive damages;

(f)     Award reasonable attorneys' fees and costs to Plaintiff on Federal 1983 Counts;

(g)     Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## COUNT FIVE

### *MONELL* CLAIM AGAINST THE CITY OF COLUMBUS, OHIO – 42 U.S.C. § 1983

94.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if full set forth herein.

95.     At all times material hereto, Defendants were employees and/or agents of Defendant City of Columbus, acting within the course and scope of their employment with same, and in furtherance of the interest of Defendant City of Columbus, and with Defendant City of Columbus' consent.

96.     The City of Columbus directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the defendant officers. The conduct of the defendant officers was a direct consequence of policies and practices of Defendant City of Columbus.

97. Defendant Columbus Division of Police Chief Kim Jacobs had actual knowledge and/or had constructive knowledge and/or failed to conduct a proper investigation into the actions of Defendants Baase and Narewski. A proper investigation would have included that Defendants Baase and Narewski participated in a pattern of conduct that was racially discriminatory and/or unconstitutional.

98. Defendant City of Columbus had actual knowledge and/or had constructive knowledge and/or failed to conduct a proper investigation into the actions of Defendants Baase and Narewski. A proper investigation would have included that Defendants Baase and Narewski participated in a pattern of conduct that was racially discriminatory and/or unconstitutional.

99. At the time of the incidents described in this Complaint, the pattern of racially discriminatory and/or unlawful conduct was established through policy, practice and custom of the City of Columbus and the Columbus Division of Police.

100. By tacitly authorizing the behavior of Defendants, the policymakers and those responsible for hiring, training and supervision of police officers within the City of Columbus acted negligently, recklessly, intentionally, willfully, wantonly, knowingly and with deliberate indifference to the serious safety needs of the citizens of Columbus, including Deaunte Bell-McGrew.

101. Defendant City of Columbus has a policy, practice and custom of failing to adequately investigate and discipline police officers who exhibit racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Deaunte Bell-McGrew.

102.    Defendant City of Columbus has a policy, practice and custom of allowing officers to exhibit racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Deaunte Bell-McGrew.

103.    Defendant City of Columbus has a policy, practice and custom of exhibiting racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Deaunte Bell-McGrew.

104.    Defendant City of Columbus has a policy, practice and custom of failing to investigate civilian complaints against officers consisting of racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Deaunte Bell-McGrew.

105.    Defendant City of Columbus negligently retained Defendants Baase and Narewski.

106.    Defendant City of Columbus has a policy, practice and custom of negligently retaining police officers who exhibit racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Deaunte Bell-McGrew.

107.    Defendant City of Columbus failed to adequately train Defendants Baase and Narewski.

108.    Defendant City of Columbus has a policy, practice and custom of failing to adequately train police officers who exhibit racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Deaunte Bell-McGrew.

109.    Defendant City of Columbus has a policy, practice and custom of conspiring to interfere with and to deprive Plaintiffs of their causes of action by allowing suspect officers unreasonable and harmful concessions during investigations of police-involved shootings.

110.    The policies, practices and customs described above have been the subject of civil rights investigations, previous lawsuits and have been well known within the Columbus community for many years. These policies, practices and customs have been perpetuated by the line officers including Defendants Baase and Narewski, Sergeant Eric Pilya, Chief Kim Jacobs, policymakers and those responsible for hiring, training and supervision of police officers within the City of Columbus who have all acted negligently, recklessly, intentionally, knowingly and with deliberate indifference to the serious safety needs of the citizens of Columbus, including Deaunte Bell-McGrew.

111.    The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of policymakers of the City of Columbus to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

## **VI. JURY DEMAND**

Plaintiffs request a jury trial on all claims triable to a jury.

## **VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court award:

- A.  Compensatory damages in an amount to be shown at trial;
- B.  Punitive damages against the individual Defendants (not the City of Columbus) in an amount to be shown at trial;
- C.  Loss of earnings and net accumulations;
- D.  Costs incurred in this action and reasonable attorney fees under 42 U.S.C. § 1988;
- E.  Prejudgment interest; and
- F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ *Sean L. Walton, Jr.*

Sean L. Walton, Jr. (0088401)
swalton@waltonbrownlaw.com
Chanda L. Brown (0081076)
cbrown@waltonbrownlaw.com
Walton + Brown, LLP
395 E. Broad Street, Suite 200
Columbus, Ohio 43215
(614) 636-3476/Fax: (614) 636-3453

/s/ *Christopher M. Cooper*

Christopher M. Cooper (0028970)
ccooper4th@aol.com
Cooper & Pennington Co., LPA
3055 Cleveland Ave.
Columbus, OH 43224
(614) 447-0255/Fax: (614) 447-8672

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs request a trial by a jury of eight (8) persons.

/s/ Sean L. Walton

Sean L. Walton (0088401)